**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Olga C. Vega, individually, | ) | No. CV-10-02087-PHX-NVW |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| American Home Mortgage Servicing, Inc., | ) | |
| a foreign corporation doing business in | ) | |
| Arizona; JP Morgan Chase Bank, National | ) | |
| Association, not individually but solely as | ) | |
| trustee for the holders of Structured Asset | ) | |
| Mortgage Investments II In, Mortgage | ) | |
| Pass-Through Certificates, Series 2006- | ) | |
| AR5; Fidelity National Title Insurance | ) | |
| Company; ABC Corporations I through V; | ) | |
| John and Jane Does I through V, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Before the Court is Defendant American Home Mortgage Servicing, Inc.'s ("AHMSI") Motion to Dismiss (Doc. 3), Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 12), and Defendant's Reply in Support of Motion to Dismiss (Doc. 14). For the following reasons, Defendant's motion will be granted.

**I.    Background**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Generally, material beyond the

complaint may not be considered in deciding a Rule 12(b)(6) motion.  However, evidence on which the complaint "necessarily relies" may be considered if:  "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The facts stated here represent the allegations in the complaint and are assumed to be true for purposes of deciding Defendant's motion to dismiss.

The complaint is not clear regarding when exactly Plaintiff obtained a loan, or what amount Plaintiff borrowed, secured by property located at 1524 West Moody Trail, Phoenix, Arizona, 85041.  Plaintiff alleges that she borrowed $630,000.00 from "the Lender Defendants" in March 2006.  However, Plaintiff attaches to her complaint as "Exhibit A" the "true and correct copy" of the written adjustable rate note for this loan.  The attached note, dated March 25, 2005, shows Plaintiff's obligation to pay $407,000.00 to Lender Downey Savings and Loan Association, F.A.  Whenever the loan actually originated, it was secured by a Deed of Trust dated March 17, 2006 and recorded on March 24, 2006.  The Deed of Trust lists AHM Mortgage as the lender, Grand Canyon Title as the trustee, and states the loan obligation as $630,000.00.

Presumably at some point before January 2010, Plaintiff stopped making payments on her loan.  Fidelity National Title Insurance Company[1] recorded a Notice of Trustee's Sale on January 21, 2010, scheduling a trustee's sale of the property on April 22, 2010.  The Notice lists JPMorgan Chase Bank, National Association as trustee for Structured Asset Mortgage Investments II Inc., Mortgage Pass-Through Certificates, Series 2006-AR5 as the beneficiary and Fidelity National Title Insurance Company as the trustee. The complaint states that the trustee's sale was rescheduled for October 27, 2010, but it is not clear from the briefing whether that trustee's sale actually occurred.  Accordingly, it is unclear whether

---

[1]It is not clear from the facts in the complaint when or how Fidelity National Title Insurance Company became a trustee.

1   there remains a pending trustee's sale on the property.

2       Plaintiff filed her complaint on September 29, 2010, seeking declaratory relief,

3   injunctive relief, damages, and to enjoin the foreclosure of the property.  (Doc. 1.)

4   **II.    Motion to Dismiss**

5       **1.    Legal Standard**

6           **A.    Rule 8, Federal Rules of Civil Procedure**

7       A complaint must contain "a short and plain statement of the claim showing that the

8   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple,

9   concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint having the factual elements of a

10  cause of action present but scattered throughout the complaint and not organized into a "short

11  and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *Sparling*

12  *v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).  A claim must be stated clearly

13  enough to provide each defendant fair opportunity to frame a responsive pleading.  *McHenry*

14  *v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996).  "Something labeled a complaint . . ., yet

15  without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs,

16  fails to perform the essential functions of a complaint."  *Id.* at 1180.

17          **B.    Rule 12(b)(6), Federal Rules of Civil Procedure**

18      On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact

19  are assumed to be true and construed in the light most favorable to the non-moving party.

20  *Cousins*, 568 F.3d at 1067.  Dismissal under Rule 12(b)(6) can be based on "the lack of  a

21  cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

22  theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To avoid

23  dismissal, a complaint must contain "only enough facts to state a claim for relief that is

24  plausible on its face."  *Twombly*, 550 U.S. at 570.  The principle that a court accepts as true

25  all of the allegations in a complaint does not apply to legal conclusions or conclusory factual

26  allegations.  *Ashcroft v. Iqbal*, __ U.S. __, 1949, 1951 (2009).  "Threadbare recitals of the

27  elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

28      "A claim has facial plausibility when the plaintiff pleads factual content that allows

1   the court to draw the reasonable inference that the defendant is liable for the misconduct

2   alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks

3   for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that

4   the plaintiff is entitled to relief, the complaint must permit the court to infer more than the

5   mere possibility of misconduct. *See id.*

6        **2.    Analysis**

7        None of the allegations in Plaintiff's complaint state a claim for which relief can be

8   granted against AHMSI.

9                    **A.    Violations of the Fair Housing Act**

10       Plaintiff's complaint is based largely on alleged violations of the Fair Housing Act

11   ("FHA"), 42 U.S.C. §§3601-3619.  Specifically, Plaintiff alleges that she has been unable

12   to secure a loan modification, she was denied being given a loan she had the ability to repay,

13   she was preyed upon because of her national origin, the loan is predatory, and that a Forensic

14   Mortgage Audit revealed that the loan "had a number of minor, major and material violations

15   of statutes, laws and established industry standards." (Doc. 1.)  However, Plaintiff makes

16   no specific allegations against AHMSI for any wrongdoing under the FHA.  Indeed, the

17   complaint nowhere specifies which individual defendants took which wrongful actions

18   against Plaintiff, other than to refer at certain points to charges against the "Lender

19   Defendants." (*Id.*)  As AHMSI is merely the loan servicer, and did not take part in the loan

20   origination, it cannot be said to be a "Lender Defendant."

21       Plaintiff claims that AHMSI is in violation of the FHA by failing to grant her a loan

22   modification.  Although it is not clear whether Plaintiff is alleging disparate treatment or

23   disparate impact under the FHA, Plaintiff has failed to state a claim under either theory.  In

24   order to state a disparate treatment claim, a plaintiff must allege that she 1) is a member of

25   a protected class; (2) applied and qualified for a loan  modification; (3) the loan modification

26   was denied despite her being qualified; and (4) defendant approved a loan modification for

27   a similarly situated party during a period relatively near the time plaintiff was denied the

28   modification. *See Cervantes v. Countrywide Home Loans, Inc.*, No. CV09-0517, 2009 WL

3157160 *1, *6 (D. Ariz. Sept. 24, 2009) (citing *McDonald v. Coldwell Banker*, 543 F.3d 498, 505 (9th Cir. 2008)).  Plaintiff here only alleges that she "believes that the Lender defendants are taking discriminatory action toward her because she is Hispanic," "believes that defendants treated her differently because of her national origin, Hispanic," and that Defendants "preyed upon" her because of her national origin.  (Doc. 1.)  Such allegations are mere legal conclusions and do not satisfy the federal pleading requirements.  Plaintiff has not alleged that she qualified for a loan modification based upon objective indicators, that Defendants offered similarly situated non-Hispanic borrowers a more beneficial loan modification, or any other facts to support a claim for disparate treatment.

Similarly, Plaintiff has not stated a claim for disparate impact under the FHA.  To state a disparate impact claim, a plaintiff must allege: "1) the occurrence of certain outwardly neutral practices, and 2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *McDonald*, 543 F.3d at 505, n. 7 (citing *Gamble v. City of Escondido*, 104 F.3d 300, 304-05 (9th Cir. 1997)).  Plaintiff has not included any facts supporting a claim for disparate impact, such as any specific outwardly neutral practices that AHMSI took that had a disproportionate impact upon her based on her race.  The mere legal conclusion that Plaintiff believes Defendants violated the FHA, unsupported by any factual allegations, do not state a plausible claim for relief as required under the *Twombly* and *Iqbal*.

Finally, even if Plaintiff were to state a plausible claim for relief under the FHA, such a claim would likely be time-barred. Discrimination claims under FHA have a two-year statute of limitations time period. 42 U.S.C. § 3613(a)(1)(A).  Plaintiff obtained her loan, at the latest, in 2006; she did not bring this action until September 2010.  Most of the alleged violations asserted in Plaintiff's complaint relate to the loan origination, and would accordingly be time-barred.  Plaintiff alleges, however, that AHMSI's failure to provide her a loan modification constitutes a continuing violation.  Under the FHA, if a violation is not just one unlawful incident "but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within ... the last asserted occurrence of that practice."

*Havens Realty Corp. v. Coleman,* 455 U.S. 363, 380-81, 102 S.Ct. 1114 (1982).  However, a "continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir. 1981).  To the extent Plaintiff's claims regarding her inability to obtain a loan modification stem from any unlawful action related to the loan's origination, those claims would also likely be time-barred.

### B.    Contract Claims

Plaintiff's complaint also contains the vague allegation that "Defendants breached their agreements with plaintiff" and asserts that "Defendants breached the covenant of good faith and fair dealing . . . ." (Doc. 1.)  In order to state a claim for breach of contract, a plaintiff must allege "the existence of a contract between the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff." *Frank Lloyd Wright Foundation v. Kroeter*, 697 F.Supp.2d 1118, 1125 (D. Ariz. 2010) (citations omitted).  Plaintiff has failed to identify any specific agreement forming a contractual relationship between her and AHMSI.  None of the agreements  attached to or referred to in the complaint identify AHMSI as a party.  (*See* Doc. 1.)  Without any facts to support an allegation that Plaintiff has a contract with AHMSI, and without putting AHMSI on notice of which agreement it purportedly breached, there can be no claim for breach of contract.  Further, absent the showing of any contractual relationship with AHMSI, Plaintiff cannot assert a claim for breach of the implied covenant of good faith and fair dealing.  *See Rawlings v. Apodaca*, 151 Ariz. 149, 153 726 P.2d 565, 569 (1986) (noting duty of good faith and fair dealing "arises by virtue of a contractual relationship").

### C.    Declaratory Relief, Injunctive Relief, and Damages

To the extent that the three separate counts listed in Plaintiff's complaint for declaratory relief, injunctive relief, and damages seek to raise independent causes of action, those claims also fail.  Injunctive and declaratory relief are "remedies for underlying causes of action . . . not separate causes of action [.]" *Silvas v. GMAC Mortgage, LLC,* No. CV09-0265-PHX-GMS, 2009 WL 4573234, at *6 (D.Ariz. Dec. 1, 2009) (citations omitted).  A

1   claim for damages is similarly not an independent cause of action.  *See Fromkin v. Indymac*
2   *Bank FSB*, No. CV10-8014-PCT-PGR, 2010 WL 2541167 *1, *7 n. 17 (D. Ariz. Jun. 18,
3   2010).  Because Plaintiff has not sufficiently pled any underlying cause of action, she is not
4   entitled to these equitable remedies.

5   **III.   Leave to Amend**

6   Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P.
7   15(a)(2).  Plaintiff will be given an opportunity to amend her complaint to make clear her
8   allegations in short, plain statements.  Any amended complaint must conform to the
9   requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure.  Plaintiff
10  is warned that if she elects to file an amended complaint and fails to comply with the Court's
11  instructions explained in this order, the action will be dismissed pursuant to Rule 41(b) of the
12  Federal Rules of Civil Procedure.  *See McHenry*, 84 F.3d at 1177 (affirming dismissal with
13  prejudice of prolix, argumentative, and redundant amended complaint that did not comply
14  with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)
15  (affirming dismissal of amended complaint that was "equally as verbose, confusing, and
16  conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)
17  (affirming dismissal without leave to amend of second complaint that was "so verbose,
18  confused and redundant that its true substance, if any, [was] well disguised"). ]

19  **IV. Attorneys' Fees**

20  Defendants request an award of attorneys' fees and costs incurred defending this
21  action under A.R.S. §§ 12-341 and 12-341.01.  It is premature to decide the extent to which
22  Defendants have prevailed before Plaintiff has an opportunity to amend her complaint. The
23  request for an award of fees and costs will accordingly be denied without prejudice to
24  seeking fees as provided in L.R.Civ 54.2 after entry of judgment.

25  IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 3) is
26  granted.

27  IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by
28  February 17, 2011.  If Plaintiff does not file an amended complaint by February 17, 2011,

1    the Clerk is directed to enter judgment dismissing this case and terminate this case without

2    further order.

3        DATED this 1st day of February, 2011.

_____
Neil V. Wake
United States District Judge