**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Olga C. Vega, individually, | No. CV-10-02087-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. |  |
| American Home Mortgage Servicing, Inc., a foreign corporation doing business in Arizona; JP Morgan Chase Bank, National Association, not individually but solely as trustee for the holders of Structured Asset Mortgage Investments II Inc., Mortgage Pass-Through Certificates, Series 2006-AR5; Fidelity National Title Insurance Company; ABC Corporations I through V; John and Jane Does I through V, |  |
| Defendants. |  |

Before the Court is Defendants' Motion to Dismiss First Amended Complaint (Doc. 18) and Plaintiff's Request for Rule 16 Scheduling Conference (Doc. 33). For the following reasons, Defendant's motion will be granted and Plaintiff's request will be denied as moot.

**I.  Background**

This action arises from Plaintiff's loan obligation on property located at 1524 West Moody Trail, Phoenix, Arizona, 85041. American Home Mortgage Servicing, Inc. filed a motion to dismiss Plaintiff's original complaint on November 15, 2010 (Doc. 3), which this Court granted on February 1, 2011 (Doc. 15). The relevant facts underlying Plaintiff's complaint were recounted in that Order and will not be repeated here.

1  Plaintiff filed her amended complaint on February 17, 2011 (Doc. 16). Plaintiff named American Home Mortgage Servicing, Inc., JP Morgan Chase Bank "not individually but solely as trustee for the holders of Structured Asset Mortgage Investments II Inc., Mortgage Pass-Through Certificates, Series 2006-AR5," Fidelity National Title Insurance Company, ABC Corporations I through V, John and Jane Does I through V, and American Home Mortgage as defendants (Doc. 16). Plaintiff filed a notice of voluntary dismissal of Fidelity National Title Insurance Company on May 4, 2011 (Doc. 28). American Home Mortgage Servicing, Inc., individually and "as servicer and attorney-in-fact for The Bank of New York Mellon Corporation, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR5, Mortgage Pass-Through Certificates, Series 2006-AR5" (Doc. 18 at 1), moved to dismiss Plaintiff's amended complaint on March 7, 2011 (Doc. 18).

## II. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* All allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Iqbal*, 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Dismissal under Rule 12(b)(6) can therefore be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Analysis

Plaintiff has raised five causes of action in her amended complaint: (1) Declaratory Relief; (2) Injunctive Relief; (3) Breach of Contract/Covenant of Good Faith and Fair Dealing; (4) Unjust Enrichment; and (5) Violation of Fair Housing Act.  None of the allegations in Plaintiff's amended complaint state a plausible claim for relief.

### A. Violation of the Fair Housing Act

In addition to Plaintiff's renewed general, unspecified allegations against both American Home Mortgage Corporation and American Home Mortgage Servicing, Inc., that she was preyed upon because of her national origin, Plaintiff's amended complaint focuses on her inability to obtain a loan modification as a basis for a claim under the Fair Housing Act.  Specifically, Plaintiff claims that her expert testimony "establishes" that American Home Mortgage Servicing, Inc.'s failure to grant her a loan modification on April 15, 2010, constitutes a "distinct, new, and independent violation of the Fair Housing Act" (Doc. 16).

Although Plaintiff asserts that American Home Mortgage Servicing, Inc.'s denial of her loan modification request violates the Fair Housing Act, she has provided no specific factual allegations to support this conclusion.  She generally claims that American Home Mortgage Servicing, Inc. "provided more favorable terms and favorable loan modifications to similarly situated non-Latino parties during a period relatively near the time plaintiff was denied the loan modification" (Doc. 27).  However, this is a mere recitation of some of the elements of her claim.  In order to state a disparate treatment claim under the Fair Housing Act, a plaintiff must allege that she (1) is a member of a protected class; (2) applied and qualified for a loan modification; (3) the loan modification was denied despite her being qualified; and (4) defendant approved a loan modification for a similarly situated party during a period relatively near the time plaintiff was denied the modification. *See McDonald v. Coldwell Banker*, 543 F.3d 498, 505 (9th Cir. 2008).  Plaintiff, in her first amended complaint and response to Defendants' motion to dismiss, has done no more than generally recite the elements of her claim.  Such "threadbare recitals" are insufficient to state a claim under the federal pleading requirements.  *Iqbal*, 129 S. Ct. at 1951.  Plaintiff's purported expert evidence and audit report similarly provide mere legal conclusions and do not

- 3 -

1  constitute facts sufficient to state a claim for relief.  Because Plaintiff has not alleged any
2  specifics of any comparable loan modifications granted, nor has she alleged that she did in
3  fact apply and objectively qualify for a loan modification and was nonetheless denied, her
4  amended complaint fails to state a plausible Fair Housing Act disparate treatment claim
5  against American Home Mortgage Servicing, Inc.

6  To the extent that Plaintiff's generalized allegations regarding the predatory nature
7  of her loan could be viewed as an attempt to plead a claim for disparate impact under the Fair
8  Housing Act, this claim also fails.  To state a disparate impact claim, a plaintiff must allege:
9  "1) the occurrence of certain outwardly neutral practices, and 2) a significantly adverse or
10 disproportionate impact on persons of a particular type produced by the defendant's facially
11 neutral acts or practices." *McDonald*, 543 F.3d at 505, n.7 (citing *Gamble v. City of
12 Escondido*, 104 F.3d 300, 304-05 (9th Cir. 1997)).  Plaintiff has not included any facts
13 supporting a claim for disparate impact, such as any specific outwardly neutral practices that
14 Defendants took that had a disproportionate impact upon her based on her race.  The mere
15 legal conclusion that Plaintiff believes Defendants violated the Fair Housing Act,
16 unsupported by any factual allegations, does not state a plausible claim for relief as required
17 under the *Twombly* and *Iqbal*.

### B.     Contract-Related Claims

19  Plaintiff claims that American Home Mortgage Corporation and American Home
20 Mortgage Servicing, Inc., are parties to her loan agreement, breached the loan agreement, and
21 violated the covenant of good faith and fair dealing.  Plaintiff alleges that American Home
22 Mortgage Corporation and American Home Mortgage Servicing, Inc. breached the loan
23 agreement by failing to provider her with a loan modification, placing her in a "predatory"
24 loan, and committing various other "unfair or deceptive acts or practices."  Plaintiff claims
25 American Home Mortgage Corporation and American Home Mortgage Servicing, Inc.,
26 breached the covenant of good faith and fair dealing by "among other things, giving plaintiff
27 a Loan she could not pay, which was likely to result in foreclosure."

28  In order to state a claim for breach of contract, a plaintiff must allege the existence of

- 4 -

1 a valid contract between plaintiff and defendant, breach of that contract by defendant, and
2 resulting damage to plaintiff. *See Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz.
3 90, 94, 387 P.2d 235, 238 (1963). Plaintiff has again failed to establish that American Home
4 Mortgage Servicing, Inc., is a party to her original loan agreement. Nor has she identified
5 any other specific agreement forming a contractual relationship between her and American
6 Home Mortgage Servicing, Inc. The loan documents show American Home Mortgage as the
7 lender in Plaintiff's loan agreement, not American Home Mortgage Servicing, Inc. The
8 Temporary Mortgage Payment Coupon, Addendum C-Insurance Coverages document, and
9 the Notice of Trustee's Sale, which all refer to American Home Mortgage Servicing, Inc.,
10 and on which Plaintiff relies in her response as making out her contract claims, are consistent
11 with American Home Mortgage Servicing, Inc.'s role as loan servicer, and do not show a
12 contractual relationship between Plaintiff and American Home Mortgage Servicing, Inc.
13 Without establishing the existence of a contract, Plaintiff cannot assert a claim for breach of
14 contract or breach of the covenant of good faith and fair dealing against American Home
15 Mortgage Servicing, Inc. *See Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569
16 (1986) (noting covenant of good faith and fair dealing "arises by virtue of a contractual
17 relationship").

18 Even if Plaintiff could show she had a contractual relationship with American Home
19 Mortgage Servicing, Inc., she has not sufficiently articulated any breach committed by
20 American Home Mortgage Servicing, Inc. While Plaintiff alleges that American Home
21 Mortgage Servicing, Inc., specifically breached its duties by denying her application for a
22 loan modification, Plaintiff has provided no evidence showing she had any entitlement to
23 such a modification or that American Home Mortgage Servicing, Inc., was in breach of any
24 contract by failing to grant a loan modification. Further, Plaintiff's claims that her loan
25 agreement was breached because the "predatory" terms of the loan were enforced is similarly
26 unavailing; Plaintiff has not shown how enforcing the contract supports a breach of contract
27 claim.

28 Finally, Plaintiff's claim of unjust enrichment is also without merit. In order to state

1  a claim for unjust enrichment, a party must allege "(1) an enrichment; (2) an
2  impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the
3  absence of justification for the enrichment and the impoverishment; and (5) the absence of
4  a legal remedy." *Trustmark Ins. Co. v. Bank One, Ariz., NA,* 202 Ariz. 535, 541, 48 P.3d
5  485, 491 (Ct. App. 2002). Plaintiff has again simply recited the elements of her unjust
6  enrichment claim without providing any specific factual support for her allegations. There
7  is no evidence that American Home Mortgage Servicing, Inc., received any enrichment from
8  Plaintiff; rather, American Home Mortgage Servicing, Inc., is simply the loan servicer, acting
9  on behalf of the beneficiary of the loan agreement. Without specific facts showing an
10 enrichment or an impoverishment and the absence of justification for such enrichment or
11 impoverishment, Plaintiff has failed to state an unjust enrichment claim.

### C. Declaratory and Injunctive Relief

To the extent that Plaintiff's amended complaint intends to state claims for declaratory and injunctive relief as independent causes of action, those claims also fail. Injunctive and declaratory relief are "remedies for underlying causes of action . . . not separate causes of action[.]" *Silvas v. GMAC Mortgage, LLC,* No. CV09-0265-PHX-GMS, 2009 WL 4573234, at *6 (D.Ariz. Dec. 1, 2009) (citations omitted). Because Plaintiff has not sufficiently pled any underlying cause of action, she is not entitled to these equitable remedies.

### D. Defendant JP Morgan Chase Bank

Plaintiff has named JP Morgan Chase Bank as a defendant in its capacity as trustee for the holders of Structured Asset Mortgage Investments II Inc., Mortgage Pass-Through Certificates, Series 2006-AR5. American Home Mortgage Servicing, Inc. asserts that The Bank of New York Mellon Corporation "serves as the trustee for the holders of the note at issue . . . JP Morgan sold its trust-related business to [The Bank of New York Mellon Corporation] and therefore [The Bank of New York Mellon Corporation] is the current trustee of this trust" (Doc. 31). American Home Mortgage Servicing, Inc., has appeared as attorney-in-fact for The Bank of New York Mellon Corporation and argues for dismissal of Plaintiff's complaint against The Bank of New York Mellon Corporation. While American

Home Mortgage Servicing, Inc.'s contentions may be correct and may provide grounds for dismissal of JP Morgan Chase Bank, Plaintiff's amended complaint contains no allegations against JP Morgan Chase Bank.[1]  Because there are no claims directed against it in Plaintiff's amended complaint, JP Morgan Chase Bank will be dismissed from this action with prejudice.

### IV.  Leave to Amend

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the district court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989).  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiff has already been given the opportunity to file an amended complaint to properly plead her causes of action against Defendants American Home Mortgage Servicing, Inc., and JP Morgan Chase Bank.  Nonetheless, Plaintiff's first amended complaint does not cure the deficiencies of her initial complaint and still fails to state any plausible claim for relief.  No further leave to amend will be granted. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

---

[1]While Plaintiff's claim of unjust enrichment could potentially be seen as directed against JP Morgan Chase Bank, this claim fails for the reasons stated above in Section III(2).

- 7 -

**V.     Attorneys' Fees**

American Home Mortgage Servicing, Inc., requests an award of attorneys' fees and costs incurred defending this action under A.R.S. §§ 12-341 and 12-341.01. In the Court's discretion, the request for fees will be denied.

**VI.    Plaintiff's Request for Scheduling Conference**

Because Plaintiff's claims against Defendants American Home Mortgage Servicing, Inc., and JP Morgan Chase Bank will be dismissed with prejudice, the only remaining named Defendant in this action is American Home Mortgage. However, the Court has received no proof that American Home Mortgage has been served with Plaintiff's first amended complaint. Accordingly, Plaintiff's request that a Rule 16 Scheduling Conference be set (Doc. 33) will be denied as not ripe. Further, because 120 days have passed since Plaintiff filed her amended complaint and no proof of service on American Home Mortgage has been shown, Plaintiff will be ordered to show cause why this case should not be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 4(m).

IT IS THEREFORE ORDERED that American Home Mortgage Servicing, Inc.'s Motion to Dismiss (Doc. 18) is granted with prejudice.

IT IS FURTHER ORDERED that JP Morgan Chase Bank is dismissed from this action with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Request for Rule 16 Scheduling Conference (Doc. 33) is denied.

IT IS FURTHER ORDERED that American Home Mortgage Servicing, Inc.'s, request for award of attorneys' fees and costs is denied.

IT IS FURTHER ORDERED that Plaintiff show cause by July 8, 2011 why this case should not be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 4(m).

DATED this 20th day of June, 2011.

_____
Neil V. Wake
United States District Judge